IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| SHARON MCDONALD, ) | |
| ) | Civil Action No.: |
| Plaintiff, ) | |
| v. ) | **JURY TRIAL DEMANDED** |
| ) | |
| PIEDMONT HEALTHCARE, INC. d/b/a ) | |
| COLISEUM MEDICAL CENTER, LLC. ) | |
| Defendant. ) | |
| ) | |
| _____ ) | |

**COMPLAINT FOR DAMAGES**

COMES NOW, Sharon McDonald ("Plaintiff"), by and through undersigned counsel, and files this Complaint for Damages against PIEDMONT HEALTHCARE, INC. d/b/a COLISEUM MEDICAL CENTER, LLC ("Defendant") pursuant to the Family Medical Leave Act ("FMLA"), and for discrimination and retaliation in violation of the Americans with Disabilities Act of 1990 ("ADA"), and shows the Court as follows:

## JURISDICTION AND VENUE

1.

Plaintiff invokes the jurisdiction of this court pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 2000e-5(f).

2.

The unlawful employment practices alleged in this Complaint were committed within this district. In accordance with 28 U.S.C. § 1391 and 42 U.S.C.§2000(e)-5(f), venue is appropriate in this Court.

## PARTIES

3.

Plaintiff is a Caucasian female citizen of the United States of America, and is subject to the jurisdiction of this Court.

4.

Defendant is qualified and licensed to do business in Georgia and at all times material hereto has conducted business within this District. Defendant is subject to specific personal jurisdiction in this Court over the claims asserted herein.

5.

Defendant may be served with process by delivering a copy of the summons and complaint to its registered agent, CSC of Cobb County, Inc. located at 192 Anderson Street, N.E., Suite 125, Marietta, GA, 30060, USA

6.

Plaintiff filed her Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") on or around November 19, 2021, and was issued a right-to-sue letter by the EEOC on July 5, 2022. Therefore, this complaint is being filed within 90 days of receiving her right to sue letter.

## FACTUAL ALLEGATIONS

7.

Defendant is now, and at all times relevant hereto, has been an employer subject to the FMLA and ADA.

8.

Plaintiff became employed with Defendant on or around September 28, 2020, as the Director of Medical Surgical.

9.

In October 2021, Ms. McDonald experienced a medical condition involving her neck, and applied for FMLA leave.

10.

On October 29, 2021, Scott Strong, COO, contacted Plaintiff to inquire as to what she would be doing to cover her time she was planning to take off from work.

11.

Plaintiff informed Mr. Strong that she had applied for FMLA leave, and was awaiting approval.

12.

On October 31, 2021, Defendant abruptly placed Plaintiff on Administrative Leave.

13.

On November 2, 2021, Plaintiff's request for FMLA leave from November 29, 2021 through February 20, 2022, was approved by Defendant.

14.

On November 4, 2021, Defendant terminated Plaintiff's employment through Mr. Strong, the decision maker, who was aware of Plaintiff applying and being approved for FMLA leave.

15.

Prior to Plaintiff's termination, she had not received any poor performance reviews or any reprimands by the Defendant.

16.

Defendant terminated Plaintiff because of her need for FMLA protected leave and/or due FMLA protected work absences.

17.

In terminating Plaintiff, Defendant interfered with Plaintiff's exercise of FMLA rights and/or retaliated against Plaintiff for his exercise of FMLA rights.

18.

Defendant terminated Plaintiff in retaliation for her exercise of rights protected by the FMLA. In so doing, Defendant violated the FMLA.

19.

Plaintiff worked more than 1250 hours during the 12-month period immediately preceding his FMLA protected absences, requested leave, and termination. Plaintiff was employed by Defendant for more than 12 months preceding his FMLA protected absences, request for leave and termination.

20.

Defendant is a private sector employer, with 50 or more employees in 20 or more workweeks in the 2019 and 2020 calendar years, within 75 miles of the location where Plaintiff worked for Defendant.

## CLAIMS FOR RELIEF
## VIOLATIONS OF THE FAMILY AND MEDICAL LEAVE ACT
## COUNTS I & II
## (FMLA INTERFERENCE AND RETALIATION)

21.

Plaintiff repeats and re-alleges the preceding paragraphs as if set forth fully herein.

22.

Defendant is and, at all times relevant, has been an 'employer' as defined by the FMLA.

23.

Plaintiff was an eligible employee under the FMLA.

24.

Plaintiff engaged in protected conduct under the Family Medical Leave Act, entitling her to all appropriate relief under the statute.

25.

Defendant interfered with Plaintiff's rights protected under the Family Medical Leave Act, 29 U.S.C. § 2601, et seq., entitling Plaintiff to all appropriate relief under the statute.

26.

Defendant retaliated against Plaintiff for the exercise of protected conduct under the Family Medical Leave Act, 29 U.S.C. 2601, et seq., entitling Plaintiff to all appropriate relief under the statute.

27.

Defendant terminated Plaintiff because of her need for FMLA leave and/or due FMLA protected work absences. Any reason given for Plaintiff's termination is pretext for unlawful FMLA interference and/or retaliation.

28.

Defendant terminated Plaintiff in retaliation for her exercise of rights protected by the FMLA. In so doing, Defendant violated the FMLA.

29.

As a result of her termination, Plaintiff has suffered lost wages and other damages for which he is entitled to recover. Defendant's violations of the FMLA were reckless and Plaintiff is entitled to liquidated damages.

30.

Defendant acted with malice and in reckless indifference to Plaintiff's federally protected rights. Plaintiff is therefore entitled to punitive damages.

## COUNT III - (DISABILITY DISCRIMINATION)

31.

Plaintiff repeats and re-alleges the preceding paragraphs as if set forth fully herein.

32.

Defendant is and, at all times relevant, has been an "employer" as defined by the ADA.

33.

Plaintiff was, at all relevant times, an individual with a disability as defined under the ADA.

34.

Plaintiff was, at all relevant times, "qualified" to perform her job with Defendant.

35.

Defendant knew, at all relevant times, that Plaintiff had a disability and a record of a disability as defined by the ADA.

36.

Defendant perceived Plaintiff, at all relevant times, as a person with a disability.

37.

Defendant knew Plaintiff needed an accommodation in regards to limited time off work for treatment related to her disability.

38.

Plaintiff requested a reasonable accommodation for FMLA leave due to her disability.

39.

Nevertheless, Defendants discriminated against Plaintiff due to her disability, actual or perceived, and her record of disability.

40.

Defendant refused to engage in good faith dialogue to accommodate Plaintiff.

41.

Defendant failed to allow Plaintiff to exercise her reasonable accommodation.

42.

Defendant terminated Plaintiff because of her disability, actual or perceived, and/or her record of disability.

43.

Defendant would not have taken these actions if Plaintiff had not had a disability.

44.

Defendant's actions violate the ADA.

45.

As a result of Defendant's unlawful actions, Plaintiff has suffered damages, including lost wages, non-monetary damages, and attorneys' fees.

## COUNT IV – (DISABILITY RETALIATION)

46.

Plaintiff incorporates by reference the preceding paragraphs.

47.

Defendants retaliated against Plaintiff for the exercise of protected conduct under the ADA, entitling Plaintiff to all appropriate relief under the statute.

48.

Defendant terminated Plaintiff because of her request for medically necessary accommodation to treat her disability.

49.

Any reason given for Plaintiff's termination is pretext for unlawful disability discrimination and/or retaliation.

50.

Defendant terminated Plaintiff in retaliation of her exercise of rights protected by the ADA. In doing so, Defendants violated the ADA.

51.

As a result of her termination, Plaintiff has suffered lost wages and other damages for which she is entitled to recover.

52.

Defendants acted with malice and in reckless indifference to Plaintiff's federally protected rights. Plaintiff is therefore entitled to punitive damages.

53.

Plaintiff suffered discrimination because of her disability when Defendants terminated her employment.

54.

Plaintiff was treated less favorably than other similarly situated employees due to her disability.

55.

Defendant took an adverse employment action against Plaintiff because of her disability.

56.

Defendants' discriminatory acts and omissions negatively affected one or more terms, conditions and/or privileges of Plaintiff's employment.

57.

As a direct, natural, proximate and foreseeable result of the actions of Defendants, Plaintiff has suffered injuries for which she is entitled to compensation.

58.

Plaintiff has no plain, adequate or complete remedy at law for the actions of Defendant, which have caused and continue to cause irreparable harm.

59.

Plaintiff is entitled to recover her attorneys' fees and costs pursuant to 29 U.S.C. § 621 *et seq.*

**WHEREFORE**, Plaintiff respectfully requests that this Court:

(a)     General damages for mental and emotional suffering caused by Defendant's misconduct;

(b)     Special damages and/or liquidated damages for lost wages and benefits and prejudgment interest thereon,

(c)     Punitive damages;

(d)     Reasonable attorney's fees and expenses of litigation;

(e)     Trial by jury as to all issues;

(f)     Prejudgment interest at the rate allowed by law;

(g)     Declaratory relief to the effect that Defendant has violated Plaintiff's statutory rights;

(h)     All equitable relief available under the FMLA, including injunctive relief of reinstatement, or front pay in lieu thereof, and prohibiting Defendant from further unlawful conduct of the type described herein; and

(i)     All other relief to which she may be entitled.

Respectfully submitted this 13th day of July 2022.

                                                                            s/ Jeremy Stephens
                                                                            Jeremy Stephens, Esq.
                                                                            GA Bar No.: 702063
                                                                            MORGAN & MORGAN
                                                                            191 Peachtree Street, N.E., Ste. 4200
                                                                            Post Office Box 57007
                                                                            Atlanta, Georgia 30343-1007
                                                                            Tel: (404) 965-1682
                                                                            E-mail: jstephens@forthepeople.com
                                                                            Attorneys for Sharon McDonald