**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**MACON DIVISION**

| | | |
|---|---|---|
| **SHARON MCDONALD,** | ) | |
| | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CIVIL ACTION NO. 5:22-CV-280 (MTT)** |
| | ) | |
| **COLISEUM MEDICAL CENTER** | ) | |
| **LLC d/b/a PIEDMONT MACON** | ) | |
| **MEDICAL CENTER** | ) | |
| | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

**ORDER**

Defendant Coliseum Medical Center LLC ("CMC") d/b/a Piedmont Macon

Medical Center ("Piedmont") moves to dismiss Plaintiff Sharon McDonald's retaliation

claim.  Doc. 19.  McDonald responded by filing a motion to amend her complaint.  Doc.

21.  For the reasons that follow, McDonald's motion (Doc. 21) is **GRANTED** and CMC's

motion to dismiss (Doc. 19) is **DENIED**.

**I. BACKGROUND**

McDonald was hired by CMC as the "Director of Medical Surgical" on September

28, 2020.  Doc. 17 ¶ 8.  In August 2021, Piedmont acquired CMC.  Doc. 24 ¶ 65.  In

October 2021, McDonald applied for leave under the Family and Medical Leave Act

(FMLA) because of "a medical condition involving her neck."  Doc. 17 ¶ 9.  Piedmont

approved McDonald's request for FMLA leave on November 2, 2021.  *Id*. ¶ 13.  Two

days after her leave was granted, Piedmont terminated McDonald's employment, which

McDonald claims was "in retaliation for her exercise of rights protected by the FMLA."

*Id*. ¶ 18.  McDonald filed the current action claiming that her termination violated the FMLA and Americans with Disabilities Act (ADA).  Docs. 1; 17.

In response, Piedmont brought a counterclaim for breach of contract.  Doc. 24 ¶¶ 60-99.  After Piedmont acquired CMC, Piedmont offered certain employees, such as McDonald, a retention bonus to "incentivize" employees to remain employed at Piedmont.  *Id*. ¶ 67.  The retention bonus agreement provided that if McDonald remained employed with Piedmont until July 31, 2022 ("the retention period") she would receive $15,000.  Doc. 10-1 at 2.  However, if McDonald "was terminated 'for cause' during the retention period, she would be obligated to repay" the bonus.  Docs. 10-1 at 3; 24 ¶ 72.  The agreement defines "for cause" to include an "Employee's willful failure or refusal to substantially perform the Employee's duties of employment promptly *after written notice* thereof is given to the Employee."  Doc. 10-1 at 3 (emphasis added).

Following Piedmont's acquisition of CMC in August 2021, McDonald was given $7,500, the first installment of the retention bonus.  Doc. 24 ¶ 69.  Piedmont claims that based on McDonald's "history of performance issues and her failure to follow instructions during a critical need period on October 31, 2021" McDonald was terminated on November 4, 2021 "for cause."  *Id*. ¶ 94.  Because McDonald was terminated "for cause" during the retention period, Piedmont claims she is obligated to repay the first installment of her bonus.  *Id*. ¶ 95.  While Piedmont alleges various "performance deficiencies" by McDonald, it does not allege that it provided McDonald written notice of her failure or refusal to substantially perform her duties before terminating her employment.  *Id*. ¶¶ 73-93.

In response to Piedmont's breach of contract counterclaim, McDonald amended her complaint to add a *Title VII* retaliation claim, alleging that Piedmont's counterclaim was in retaliation for McDonald's discrimination lawsuit.  Doc. 17 ¶¶ 64-71.  Piedmont moved to dismiss McDonald's retaliation claim arguing that (1) McDonald never engaged in activity protected by Title VII, and (2) its breach of contract counterclaim has a reasonable basis in law and fact.  Doc. 19.

McDonald then moved to amend her complaint because she "inadvertently included … facts under a Title VII retaliation claim" when she intended to allege retaliation claims under the FMLA and ADA.  Docs. 21 at 2; 21-1.  However, Piedmont argues the retaliation claim is still subject to dismissal because McDonald fails to allege that the breach of contract claim lacks a reasonable basis in fact or law.  Doc. 26.

## II. STANDARD

Leave to amend should be "freely give[n] ... when justice so requires."  Fed. R. Civ. P. 15(a)(2).  The Court "need not, however, allow an amendment (1) where there has been undue delay, bad faith, dilatory motive, or repeated failure to cure deficiencies by amendments previously allowed; (2) where allowing amendment would cause undue prejudice to the opposing party; or (3) where amendment would be futile."  *Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)).  "[D]enial of leave to amend is justified by futility when the complaint as amended is still subject to dismissal."  *Hall v. United Ins. Co. of Am.*, 367 F.3d 1255, 1263 (11th Cir. 2004) (quoting *Burger King Corp. v. Weaver*, 169 F.3d 1310, 1320 (11th Cir. 1999)).

To avoid dismissal pursuant to Rule12(b)(6), a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when "the court [can] draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. "Factual allegations that are merely consistent with a defendant's liability fall short of being facially plausible." *Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1337 (11th Cir. 2012) (internal quotation marks and citations omitted).

At the motion to dismiss stage, "all well-pleaded facts are accepted as true, and the reasonable inferences therefrom are construed in the light most favorable to the plaintiff." *FindWhat Inv. Grp. v. FindWhat.com.*, 658 F.3d 1282, 1296 (11th Cir. 2011) (internal quotation marks and citations omitted). But "conclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal." *Wiersum v. U.S. Bank, N.A.*, 785 F.3d 483, 485 (11th Cir. 2015) (cleaned up). The complaint must "give the defendant fair notice of what the … claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (internal quotation marks and citation omitted). Where there are dispositive issues of law, a court may dismiss a claim regardless of the alleged facts. *Patel v. Specialized Loan Servicing, LLC*, 904 F.3d 1314, 1321 (11th Cir. 2018).

### III. DISCUSSION

"To establish a prima facie case of retaliation under the ADA [or FMLA], a plaintiff must show that (1) she engaged in statutorily protected expression; (2) she suffered an adverse action; and (3) the adverse action was causally related to the protected

expression." *Higdon v. Jackson*, 393 F.3d 1211, 1219 (11th Cir. 2004) (cleaned up); *Walker v. Elmore Cnty. Bd. of Educ.*, 379 F.3d 1249, 1252 (11th Cir. 2004) (setting out the same elements in a FMLA retaliation case); *see Thaddeus-X v. Blatter*, 175 F.3d 378, 387 (6th Cir. 1999) ("There are variations on this theme in bodies of statutory law that allow retaliation claims (e.g., ADA, Title VII, NLRA, etc.), but the essential framework remains the same.").  When the plaintiff claims that the defendant filed a counterclaim in retaliation for the plaintiff litigating her discrimination claims, the plaintiff must allege that the counterclaim was filed with retaliatory motive and lacks a reasonable basis in fact or law.  *See Bill Johnson's Rests., Inc. v. N.L.R.B.*, 461 U.S. 731, 748 (1983) (explaining when an employer's lawsuit may be the basis of a retaliation claim under the National Labor Relations Act); *Smith v. Miami-Dade Cnty.*, 621 F. App'x 955, 960 (11th Cir. 2015) (applying standard in retaliatory litigation claim under the ADA); *Rosania v. Taco Bell of Am., Inc.*, 303 F. Supp. 2d 878, 885-87 (N.D. Ohio 2004) (applying standard in retaliatory litigation claim under the FMLA).

McDonald's complaint, as amended, adequately alleges, to a point, retaliatory litigation claims under the FMLA and ADA.  Doc. 21-1.  McDonald alleges she engaged in statutorily protected conduct when she filed a complaint for damages under the FMLA and ADA.  *Id*. ¶¶ 35, 60.  She alleges she suffered an adverse action, specifically Piedmont's decision to file a breach of contract counterclaim, as a result of her decision to file a discrimination lawsuit.  *Id*.  And McDonald alleges that the counterclaim was brought "only after [she] filed a complaint for damages against [Piedmont]," thus plausibly alleging retaliatory motive and causation.  *Id*. ¶¶ 38, 63.

However, as Piedmont points out, a party bringing a retaliatory litigation claim must allege that the counterclaim lacks a reasonable basis in law or fact.  Doc. 19-1 at 3-5.  McDonald did not respond to this argument.  Docs. 21; 22.  Therefore, McDonald's motion to amend (Doc. 21) is **GRANTED** but she must allege, consistent with Federal Rule of Civil Procedure 11, that Piedmont's counterclaim lacks a reasonable basis in law or fact.  McDonald is **ORDERED** to file an amended retaliation claim, if she can, by **December 21, 2022**.  Piedmont's motion to dismiss (Doc. 19) is **DENIED without prejudice**.  The Court will review McDonald's amended retaliation claims and if she has not alleged that Piedmont's counterclaim lacks a reasonable basis in law or fact, Piedmont's motion will be reinstated.

**SO ORDERED**, this 14th day of December, 2022.

S/ Marc T. Treadwell
MARC T. TREADWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT